UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICHAI SALY, | ) |
|           Petitioner, | ) Case No. C10-1143-RSL-BAT |
| v. | ) |
| STEPHEN SINCLAIR, | ) **REPORT AND RECOMMENDATION** |
|           Respondent. | ) |

## INTRODUCTION

Vichai Saly, a state prisoner held at the Washington State Penitentiary at Walla Walla, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 King County Superior Court conviction and sentence. Dkt. 1. In his answer, respondent contends, and the Court agrees, the habeas petition is time barred under 28 U.S.C. § 2244(d)(1). Dkt. 10. Accordingly, the Court recommends Saly's petition be **DENIED** as untimely, and that the case be **DISMISSED** with prejudice.

## BACKGROUND

A King County jury found Saly guilty of murder in the first degree and Saly was sentenced on June 29, 2005. Dkt. 11, ex. 1. Saly appealed. The Washington Court of Appeals affirmed his judgment and sentence (*Id.*, ex. 2) and the Washington Supreme Court denied review on February

REPORT AND RECOMMENDATION - 1

5, 2008.  *Id.,* ex. 7.  Saly did not seek review in the United States Supreme Court.

On January 27, 2009, Saly filed his first state court Personal Restraint Petition (PRP).  *Id.,* ex. 9.  The Washington State Court of Appeals denied the PRP.  *Id.,* ex. 12.  The Washington Supreme Court denied review on December 7, 2009.  *Id.,* ex. 14.

On February 15, 2010, Saly filed, in the King County Superior Court, a motion to vacate his judgment and sentence.  *Id.*, ex. 16.  The motion was transferred to the Washington Court of Appeals for consideration as a PRP.  *Id.*, ex. 17.  The Washington Court of Appeals dismissed the PRP as untimely under RCW 10.73.090 on April 26, 2010.  *Id.,* ex. 18.  Saly did not seek further review of this PRP.

On July 14, 2010, the Court received Saly's habeas petition which was signed and dated July 9, 2010.  Dkt. 1.

## DISCUSSION

**A.     Saly's Habeas Petition is Time Barred**

Under 28 U.S.C. § 2244(d)(1) a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."  The one-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  *Id*.  The period of time a properly filed application for post-conviction review is pending in state court does not count toward the limitation period.  28 U.S.C. § 2244(d)(2).

The record shows Saly filed his federal habeas petition after the expiration of § 2244(d)(1)'s one-year statute of limitations.  Saly's judgment became final on May 5, 2008, ninety days after the Washington Supreme Court denied review.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  At that point, the statute of limitations began to run.  It ran for 266 days until Saly filed his

REPORT AND RECOMMENDATION - 2

first PRP on January 27, 2009.  This PRP tolled the statute of limitations until December 9, 2009 when the Washington Supreme Court denied review.  Upon the denial of review, the statute of limitations began to run again.

Saly filed a second PRP on February 15, 2010.  The statute of limitations is tolled only during the time a properly filed PRP is pending in the state courts.  28 U.S.C. § 2244(d)(2).  If Saly's second PRP was "properly filed," it would have tolled the statute of limitations, but the Washington Court of Appeals dismissed the second PRP as untimely under RCW 10.73.090.[1] As the Supreme Court has stated "time limits, no matter their form, are 'filing' conditions." *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005).  Thus, where a state court rejects a prisoner's PRP as untimely, the PRP is not "properly filed" and does not statutorily toll the habeas limitations period.  *See Id.*  Saly's second PRP never effectively tolled the statute of limitations for filing a federal habeas petition because it was untimely and therefore not "properly filed."

Hence, from December 9, 2009 when the Washington Supreme Court denied review of Saly's first PRP, the statute of limitations continued to run an additional 213 days, until July 9, 2010 when Saly filed his habeas petition.  All told, 473 days passed from the date Saly's state judgment became final on May 5, 2008, to the date he filed his habeas petition.  Accordingly, Saly's habeas petition is untimely and should be dismissed as time barred.

**B.      Saly is Not Entitled to Equitable Tolling**

Equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  Saly bears the burden of showing (1) he has been pursuing his rights diligently, and (2) that

---

[1] RCW 10.73.090(1) provides that "No petition or motion for collateral attack on a judgment and sentence may be filed more than one years after the judgment becomes final if the judgment is valid on its face and was rendered by a court of competent jurisdiction."

REPORT AND RECOMMENDATION - 3

some extraordinary circumstance prevented him from filing his petition in a timely manner. *Pace*, 544 U.S. at 418. Saly has not presented anything showing he pursued his rights diligently and that an extraordinary circumstance prevented him from timely filing his habeas petition.

Rather, the record shows that by August 2009, Saly knew about each of his federal claims and could have presented them to this Court within the limitations period. Saly raised claim 1, prosecutorial misconduct by "violation of Use Testimony," in his first PRP in February 2009, and claim 2, exclusion of his wife's statements under the "Husband Wife privilege, in his August 2009 petition for review of this PRP. Dkt., 11, ex. 9 at 9; ex. 13 at 12. Saly raised claim 3, severance of co-defendants, in his direct appeal in 2006. Dkt. 11, ex. 3 at 34. And finally, Saly's contention, in claim 4, regarding "sufficient Jury instruction on co-defendant liability" involves an instruction that was used at trial and which he obviously knew about at that time.

The record thus shows that although Saly knew about and could have presented these claims to this Court after the state court denied his first PRP in 2009, he failed to do so. As such, the Court concludes Saly has not shown he has pursued his rights diligently and is therefore not entitled to equitable tolling of the limitations period. Accordingly, his claims should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

### C.   Need For an Evidentiary Hearing

If a prisoner's allegations do not state a claim for relief, or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.), *cert. denied*, 493 U.S. 869, (1989). As Saly's petition should be dismissed as untimely an evidentiary hearing need not be conducted./

### D.   The Court Should Not Issue a Certificate of Appealability

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's

REPORT AND RECOMMENDATION - 4

dismissal of the motion only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would conclude Saly's petition is timely.  Accordingly, the Court recommends a COA not be issued, and that pursuant to Rule 11 of the Rules Governing §2254 cases if it dismisses Saly's petition. Saly should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2254 petition be **DENIED** and this case be **DISMISSED** with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 18th day of October, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge